IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                                    Criminal No. 11-50086

JAMES WYMES                                               DEFENDANT/MOVANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's **Petition to Correct Presentence Investigation Report and Modify Defendant's Sentence (Doc. 51)** and the Government's Response (Doc. 53) thereto. The undersigned, being well and sufficiently advised, finds and recommends as follows:

## BACKGROUND

1. On February 28, 2013, the Defendant pled guilty, pursuant to a written plea agreement, to Count Two of the Superseding Indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and Count Three of the Superseding Indictment, charging him with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 17.) On August 2, 2013, the Defendant was sentenced by United States District Judge Jimm Larry Hendren to 70 months imprisonment on Count Two and 120 months imprisonment on Count Three, with the terms to run consecutively.

2. On appeal, the Eighth Circuit vacated Defendant's sentence and remanded for resentencing, finding that the Court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of the firearm in connection with another

felony offense. (Doc. 40-1.) A resentencing hearing was conducted by United States District Judge Timothy L. Brooks and, on June 27, 2014, an amended judgment was entered sentencing the Defendant to 24 months imprisonment on Count Two[1] and 120 months imprisonment on Count Three, with the terms to run consecutively. At the resentencing hearing, Judge Brooks denied a pro se motion filed by the Defendant (Doc. 39), seeking credit for approximately 18 months time he spent in state custody prior to being transferred to federal custody, finding that the Defendant needed to first pursue his administrative remedies with the Bureau of Prisons ("BOP"). [2]

  3. Defendant did not appeal the amended judgment and waited until almost two years after it was entered to file the motion now before the Court. In this motion, Defendant raises the following grounds for relief:[3]

  * In "Count 1" of his motion, Defendant asserts that the two-level departure on Count Two for substantial assistance "is not adequate, erro[]neous, and does not comply with the Federal Sentencing Guidelines." (Doc. 51 at pg. 2.) He also argues that the Government "cannot double-dip and sentence him twice

---

[1] In addition to correcting the error that was the subject of Defendant's appeal, Judge Brooks recognized a Guideline calculation error that went undetected at Defendant's original sentencing and on appeal, and corrected that error as well, further reducing Defendant's offense level and sentence on Count Two.

[2] Judge Brooks noted that he did not believe the Defendant would be entitled to credit because the time he served in state custody appeared to be for a separate offense than the federal charges.

[3] "Count 3" of Defendant's motion was granted by separate order (Doc. 54) directing the United States Probation Office to provide the May 28, 2014 Presentence Investigation Report to the Bureau of Prisons and defense counsel.

for offenses which were one (1) in the same . . . . [T]his amounts to him being sentenced twice . . . for the same crime and arising out of the same incident." (Id. at pgs. 2-3.)

\*   In "Count 2" of his motion, Defendant asserts that he has now exhausted his administrative remedies with the BOP and he requests that he be given credit for the time he spent in state custody.

## DISCUSSION

### "Count 1"

4.   Courts may not "modify" a sentence once it has been imposed, as the Defendant is requesting the Court to do in "Count 1," unless, as relevant here, expressly permitted to do so by statute. See 18 U.S.C. § 3582(c)(1)(B). As the Government points out, the Defendant does not cite any statutory basis authorizing him to seek a modification of his sentence. The undersigned construes Defendant's motion as seeking relief under 28 U.S.C. § 2255, which authorizes challenges to sentences imposed in violation of the Constitution or laws of the United States. Defendant has procedurally defaulted his claims in "Count 1," however, as he failed to raise them in a direct appeal, and he offers no basis for cause and prejudice or actual innocence. See Fletcher v. United States, No. 16-1220, 2017 WL 2971856, \*2-3 (July 12, 2017).

5.   Defendant's claims are also untimely, as he did not pursue them within the one-year period of limitations applicable to § 2255 motions. See 28 U.S.C. § 2255(f). The amended judgment was entered on June 27, 2014, and Defendant's conviction became final 14 days thereafter, on or about July 11, 2014, which was when the period for filing a direct

appeal expired.  See United States v. Plascencia, 537 F.3d 385, 388-90 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A).  Thus, under § 2255(f)(1), the Defendant had one year from this date – until July 13, 2015 – to file his § 2255 motion.  Defendant did not file his motion until almost nine months after this deadline, on April 4, 2016.

  6. In any event, Defendant's claims in "Count 1" are without merit.  With regard to Defendant's claim concerning the substantial assistance departure, Defendant makes the conclusory assertion that the two-level departure is inadequate, erroneous and not in compliance with the Guidelines, but he offers absolutely no facts or legal argument in support of this assertion. The extent of a downward departure is not reviewable absent an unconstitutional motive or a district court's erroneous belief that it lacked the authority to depart further, neither of which are alleged here.  See United States v. Sanchez, Nos. 11-2346 & 11-2347, 2012 WL 2401955, *1 (8th Cir. June 27, 2012).

  7. With regard to Defendant's other claim under "Count 1," it is somewhat difficult to discern the nature of this claim.  Defendant cites to United States v. Triplett, 104 F.3d 151, 159 (4th Cir. 2004), and appears to be arguing that he could not be sentenced for both being a felon in possession of a firearm and using a firearm during and in relation to a drug trafficking crime, as they are the "same crime and aris[e] out of the same incident." (Doc. 51 at pg. 3.)  Neither the Government nor the undersigned could locate the Triplett case. The undersigned finds Defendant's argument to be without merit, as every circuit that has addressed this precise issue has held that separate sentences under § 922(g) and § 924(c)(1) do not constitute impermissible double punishment because the two statutes require proof of different elements and are designed to punish distinct types of conduct – §

922(g) seeks to keep guns out of the hands of convicted felons, while § 924(c)(1) seeks to prevent the use of firearms in connection with drug trafficking activity. See Kyles v. United States, No. 15-0142, 2015 WL 1782607, *3 (D. Minn. April 20, 2015) (citing cases from the Fifth, Tenth, Second, Seventh, and Ninth Circuits).

### "Count 2"

8. In "Count 2" of his motion, Defendant requests credit toward his federal sentence for the approximate 18 months he spent in state custody. This Court is without jurisdiction to grant Defendant the relief he seeks. Assuming as true that Defendant has properly exhausted his administrative remedies with the BOP, the avenue for seeking judicial review of pretrial credit towards his sentence is by filing a 28 U.S.C. § 2241 petition in either the district where he is confined (the Eastern District of Arkansas), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office. See United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

### CONCLUSION

9. Based on the foregoing, the undersigned recommends DENYING Defendant's **Motion to Modify Sentence (Doc. 51).** This denial should be without prejudice to Defendant seeking credit towards his sentence by filing a § 2241 petition in the proper district.

10. An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could

resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**11.    The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED June 19th day of July, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE